United States Court of Appeals

For the Eighth Circuit

_____

No. 25-1356

_____

United States of America

*Plaintiff - Appellee*

v.

Jamie Shoulders

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: March 16, 2026
Filed: July 1, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In 2019, after pleading guilty to second-degree murder, in violation of 18 U.S.C. §§ 1111, 2, and 1153, Jamie Shoulders received a 300-month sentence. In 2024, Shoulders filed a motion for sentence reduction based on a retroactive

amendment to the Guidelines, Amendment 821. The district court[1] denied the motion, and Shoulders appeals, arguing that the district court placed too much emphasis on his underlying and post-conviction conduct and not enough emphasis on his efforts at rehabilitation. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

In 2023, after Shoulders was sentenced, the United States Sentencing Guidelines were amended, pursuant to Amendment 821, to reduce the impact of criminal history points, known as "status points," in calculating a defendant's criminal history score. Under the previous version of the Guidelines, where a defendant "committed the instant offense while under any criminal justice sentence," he would receive two status points. Amendment 821 to USSG § 4A1. After Amendment 821, however, a criminal defendant with six or fewer criminal history points would receive no status points and a criminal defendant with seven or more criminal history points would receive only one status point if he committed the offense while under a criminal justice sentence. See USSG § 4A1.1(e).

When Shoulders was originally sentenced in 2019, the district court assigned two status points to Shoulders for committing the instant offense while under a criminal justice sentence. The district court ultimately calculated Shoulders's Guidelines range at 210 to 262 months' imprisonment, before both departing and varying upward to impose a 300-month sentence. Shoulders filed a motion for sentence reduction based on Amendment 821, which the district court denied. The district court first determined that Shoulders was eligible for relief under Amendment 821 because he would have received zero status points for committing the offense while under a criminal justice sentence, which would result in a Guidelines range of 188 to 235 months' imprisonment before accounting for any departure. However, while Shoulders was eligible for relief, the district court determined that, considering the 18 U.S.C. § 3553(a) factors, relief was not

---

[1]The Honorable Camela C. Theeler, United States District Judge for the District of South Dakota.

-2-

warranted. The district court specifically noted that the instant offense involved Shoulders indiscriminately firing a gun, killing one person and seriously endangering the lives of two others, and it described these "egregious and unprovoked actions" as extreme in nature and necessitating protection of the public from future crimes by Shoulders. Further, the district court noted that, while incarcerated, Shoulders had been subject to numerous disciplinary measures related to non-compliant behavior and fighting other inmates. While the district court acknowledged that Shoulders had completed programming while incarcerated, demonstrating a motivation to better himself, it ultimately concluded that this was not enough to warrant a sentence reduction "given the extremely disturbing offense conduct and [Shoulders's] ongoing disciplinary problems while in custody."

On appeal, Shoulders asserts that the district court erred in its § 3553(a) analysis, placing too much emphasis on the offense conduct and his post-conviction conduct without adequately accounting for his efforts at rehabilitation. "We review the district court's sentence reduction decision for abuse of discretion." United States v. Alcantar Mercado, 144 F.4th 1054, 1057 (8th Cir. 2025). We discern no abuse of discretion in the district court's denial of Shoulders's motion for a sentence reduction. The record reflects that the district court considered the § 3553(a) factors, including the fact that Shoulders's offense conduct was extreme and egregious and his poor disciplinary record while incarcerated, which included violent conduct. Further, the district court specifically found that "Shoulders continues to pose a significant threat to public safety." See United States v. King, 818 F. App'x 575, 578 (8th Cir. 2020) (per curiam) (finding no abuse of discretion where district court based its denial of a sentence reduction on the defendant's "extensive criminal history, [offense conduct], and . . . danger to the public"). And, while the district court acknowledged Shoulders's rehabilitative efforts, it "'[wa]s not required to adjust [his] sentence' based upon them." Alcantar Mercado, 144 F.4th at 1057 (alterations in original) (citation omitted). In sum, the district court merely exercised its wide latitude in weighing the § 3553(a) factors and was entitled to place more emphasis on Shoulder's offense conduct and post-conviction conduct than his efforts at rehabilitation. See id.

-3-

For the foregoing reasons, we affirm the judgment of the district court.

_____